

**Signed and Filed: November 10, 2009**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 09-31907 SFC |
| DANIEL J. PEREZ, aka DANIEL PEREZ, and GINA L. PEREZ, aka GINA PEREZ, | ) Chapter 13 |
| Debtors. | ) |

**MEMORANDUM DECISION RE DEBTORS' MOTION TO VALUE LIEN**

On November 5, 2009, the court held a trial on Debtors' motion to value lien. Howard L. Hibbard appeared for Debtors. Douglas Graham appeared for Joel A. Klein (Creditor). Upon due consideration, and for the reasons stated below, the court determines the Creditor's claim is wholly unsecured, and may be avoided.

Debtors own a single-family residence at 2049 Trinity Street, San Mateo, California (Debtors' Residence). That property is subject to two loans secured by deeds of trust. The senior note and deed of trust are held by IndyMac Federal Bank, and Creditor acknowledges that the balance currently due on that obligation is

$706,950. The junior note and deed of trust are held by Creditor, and the balance due on that obligation is approximately $196,000.

If the fair market value of the Debtors' Residence is less than the amount due on the senior deed of trust ($706,950), Debtors can avoid Creditor's lien and treat Creditor's claim as a general unsecured claim for purposes of Debtors' chapter 13 plan. <u>Zimmer v. PSB Lending Corp. (In re Zimmer)</u>, 313 F.3d 1220, 1226-27 (9th Cir. 2002).

In determining the value of the Debtors' Residence, no deduction should be made for costs of sale, because Debtors' chapter 13 plan provides that Debtors will retain that property.

I determine that the fair market value of Debtors' Residence was less than $706,950 as of the date of the trial. In so finding, I consider the four comparable sales relied upon by both appraisers, as well as the additional comparable sale noted only by Debtors' appraiser (2025 Trinity), and I make and rely upon the following subsidiary findings of fact.

1. Each of the comparable sale properties, except 2025 Trinity, sold for a price in excess of $706,950.

2. Each of the comparable sale properties, except 1044 Fiesta, has a smaller gross living area smaller than Debtors' Residence.

3. The average sale price of the five comparable sales was $711,200. In making this calculation, I adjusted the sale price of 2025 Trinity to $490,000 to take account of the lack of commission.

4. The gross living area of the Debtors' Residence is 1,545 square feet. The average gross living area of the comparable sale properties is 1,412 square feet.

5. In light of factors 1-4, the fair market value of Debtors' Residence could be less than $706,950 only if the condition of the comparable sale properties was substantially superior to the condition of Debtors' Residence.

6. Review of the photographs introduced at trial of Debtors' Residence and of the comparable sale properties indicates that the condition of the comparable sale properties is in fact substantially superior to the condition of Debtors' Residence. Debtors' Residence is an attractive house and is adequately maintained, but is not as attractive as the comparable sale properties in the following respects: (a) all of the comparable sale properties have nicer kitchens, and three of those properties have kitchens that have been substantially upgraded and are much more attractive than the kitchen in Debtors' Residence; (b) all of the comparable sale properties have more attractive landscaping, and three of those properties have landscaping that is substantially more attractive than Debtors' Residence; and (c) in all of the comparable sale properties the fireplace and flooring is more attractive than in Debtors' Residence, and in four of the comparable sale properties the fireplace and flooring are substantially more attractive.

7. The difference in size between Debtors' Residence and the comparable sale properties has a limited effect on fair market value, because all of the properties have three bedrooms, two baths, and similar living-dining areas, and it appears from the photographs introduced at trial that the differences in square footage do not substantially affect the utility of the rooms.

8. The superior condition, remodeling, and attractiveness of

the comparable sale properties more than offsets the superior size of Debtors' Residence and indicates that the fair market value of the Debtors' Residence is at least $10,000 less than the average sale price of the comparable sale properties.

9. Neither appraiser made any adjustment to the prices shown in the comparable sales to take account of the passage of time between the date of those sales and the date of the trial.

**\*\*END OF MEMORANDUM DECISION\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Douglas Graham, Esq. |
|   | McNutt Law Group |
| 4 | 188 The Embarcadero, Suite 800 |
|   | San Francisco, CA 94105 |
| 5 | |
|   | Howard L. Hibbard, Esq. |
| 6 | Law Office of Howard L. Hibbard |
|   | 251 Park Road, Suite 800 |
| 7 | Burlingame, CA 94010 |